[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11076
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-03631-TWT

CHARLES C. RICE, JR.,

Plaintiff-Appellant,

JANE RICE,

Plaintiff,

versus

GENENTECH, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 15, 2012)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Charles C. Rice, Jr.,[1] the appellant, has had neovascular age-related macular degeneration for over fifty years. On June 25, 2007, at age 86, on Rice's first visit with his current opthamologist, the doctor diagnosed Rice with "end-stage macular degeneration." In July and, again, August 2008, he injected Rice's right eye with Lucentis, a medication manufactured by Genentech, Inc., the appellee. In June 2009, he determined that Rice had lost all visual acuity in his right eye, attributing the loss to intraocular pressure. In August 2010, Rice, proceeding *pro se*, sued Genentech in Georgia Superior Court, claiming that Lucentis caused his loss of vision and seeking damages on theories of negligence *per se*, misrepresentation and breach of express and implied warranty.

Genentech removed the case to the District Court because the parties are of diverse citizenship and the amount in controversy exceeded the jurisdictional amount. *See* 28 U.S.C. § 1332.[2] At the conclusion of discovery, the court, in an

---

[1] Rice's daughter, Jane Rice ("Jane"), joined her father as a plaintiff in filing his complaint, but was subsequently dismissed from the lawsuit. Accordingly, we refer only to Rice as the plaintiff.

[2] Although Rice's complaint did not allege that the amount in controversy exceeded the sum of $75,000, that it exceeded such amount is obvious given the nature of Rice's alleged injuries.

2

order entered on January 23, 2012, granted Genentech's motion for summary judgment, concluding that Rice "presented no expert opinion showing that Lucentis caused his harm," and entered judgment accordingly.  Rice now appeals.

Rice argues that the summary judgment should be vacated because the District Court abused its discretion in denying his discovery motions and that the record contained expert opinion evidence showing that Lucentis caused his vision loss and that the Lucentis labeling information was inadequate.  We have carefully considered Rice's arguments for reversal and conclude for the reasons the District Court gave in its January 23, 2012 order that Genentech was entitled to summary judgment.

AFFIRMED.